IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2026

**STATE OF TENNESSEE v. BYRON BECTON**

**Appeal from the Criminal Court for Shelby County**
No. 10-04987    Jennifer Johnson Mitchell, Judge

_____

**No. W2025-00846-CCA-R3-CD**

_____

Defendant, Byron Becton, appeals the summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which KYLE A. HIXSON and STEVEN W. SWORD, JJ., joined.

Byron Becton, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Jen Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Following a 2011 jury trial, Defendant was convicted of six counts of aggravated rape involving three acts of penetration against the same victim, which occurred on December 16, 2009. *See State v. Becton*, No. W2011-02565-CCA-R3-CD, 2013 WL 967755, at *1, *19 (Tenn. Crim. App. Mar. 11, 2013). Defendant was convicted on counts one, two, and three of aggravated rape through force or coercion with a weapon and on counts four, five, and six of aggravated rape involving bodily injury. *Id.* at *1, *17. The trial court sentenced Defendant as a Range II, multiple offender to forty years on count one and to twenty-five years on each of the remaining counts. *Id.* at *17. The trial court ordered

the sentences for counts one and three to run consecutively to each other and concurrently with the remaining counts, for an effective sentence of sixty-five years at 100 percent service. *Id.* The trial court merged count four into count one, count five into count two, and count six into count three, resulting in three separate aggravated rape convictions. *Id.* This court affirmed Defendant's convictions on direct appeal. *See id.* at *1.

Defendant subsequently sought post-conviction relief, and the post-conviction court denied Defendant's petition following a hearing. *See Becton v. State*, No. W2014-00993-CCA-R3-PC, 2015 WL 3867758, at *1 (Tenn. Crim. App. June 23, 2015). This court affirmed the denial of post-conviction relief on appeal. *Id.*

On December 14, 2022, Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He maintained that his multiple convictions for aggravated rape violated his constitutional protections against double jeopardy. On May 23, 2025, the trial court entered an order finding that Defendant failed to allege a colorable claim for relief and summarily dismissing Defendant's motion. Defendant subsequently filed a timely notice of appeal.

## Analysis

On appeal, Defendant contends that the trial court erred in finding that he failed to allege a colorable claim for relief under Rule 36.1. He maintains that his multiple convictions for aggravated rape violate his constitutional protections against double jeopardy. He also maintains that the trial court initially sentenced him to sixty-five years' incarceration at thirty-five percent and then held another sentencing hearing in which the court ordered him to serve his sentence at 100 percent, which he asserts resulted in an illegal sentence. The State responds that the trial court properly denied Defendant's motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." *State v. Brown*, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not represented by counsel and hold a hearing on the motion unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b)(3).

A colorable claim under Rule 36.1 is a claim that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). However, "few sentencing errors render [a sentence] illegal." *Id.* at 595. Examples of illegal sentences

include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* "[A]ttacks on the correctness of the methodology by which a trial court imposed [a] sentence" do not rise to the level of an illegal sentence. *Id.* Whether a motion states a colorable claim for correction of an illegal sentence pursuant to Rule 36.1 is a question of law, which this court reviews de novo. *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Although Defendant asserts that his multiple convictions for aggravated rape violated his constitutional protections against double jeopardy and rendered his sentences illegal, "[a] claimed violation of double jeopardy is an attack on the underlying conviction, not an attack on the sentence." *State v. Tucker*, No. M2024-00104-CCA-R3-CD, 2024 WL 4182674, at *5 (Tenn. Crim. App. Sept. 13, 2024) (citing *State v. Taylor*, No. M2017-00302-CCA-R3-CD, 2018 WL 703098, at *2 (Tenn. Crim. App. Feb. 5, 2018)), *perm. app. dismissed* (Tenn. Nov. 26, 2024). This court, therefore, has concluded that a double jeopardy claim is not a colorable claim for relief pursuant to Rule 36.1. *See id.*; *State v. Bond*, No. W2023-01725-CCA-R3-CD, 2024 WL 4164599, at *3 (Tenn. Crim. App. Sept. 12, 2024), *no perm. app. filed*; *State v. Wiggins*, No. W2024-00035-CCA-R3-CD, 2024 WL 3549205, at *2 (Tenn. Crim. App. July 26, 2024), *no perm. app. filed*; *State v. Johnson*, No. M2023-01477-CCA-R3-CD, 2024 WL 2795847, at *1 (Tenn. Crim. App. May 31, 2024), *perm. app. denied* (Tenn. Dec. 10, 2024); *State v. Langford*, No. M2023-01244-CCA-R3-CD, 2024 WL 1886503, at *2 (Tenn. Crim. App. Apr. 30, 2024).

Defendant challenges the trial court's order requiring him to serve 100 percent of his effective sentence in confinement for the first time on appeal. He has waived this issue for failing to raise it in the trial court. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *Johnson*, 2024 WL 2795847, at *2 (concluding that the defendant waived multiple claims on appeal of the denial of his Rule 36.1 motion by failing to raise them in the trial court). Furthermore, a defendant convicted of aggravated rape "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(i)(1)-(2) (2009). Accordingly, the requirement that Defendant serve 100 percent of his effective sentence for his aggravated rape convictions is not an illegal sentence.

We conclude that Defendant failed to state a colorable claim for relief in his Rule 36.1 motion. Accordingly, the trial court did not err in summarily denying Defendant's Rule 36.1 motion without a hearing or appointment of counsel.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the trial court's judgment.

_____ s/ Matthew J. Wilson

MATTHEW J. WILSON, JUDGE
